**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **KASHIF NAVIWALA, HALIMA RAUF,** ) | |
| **MU. NAVIWALA,** ) | |
| **A MINOR CHILD, BY HIS NEXT** ) | |
| **FRIEND KASHIF NAVIWALA** ) | |
| **AND HALIMA RAUF,** ) | |
| **MAS. NAVIWALA** ) | |
| **A MINOR CHILD, BY HER NEXT** ) | |
| **FRIEND KASHIF NAVIWALA AND** ) | |
| **HALIMA RAUF** ) **CIVIL ACTION** | |
| **AND MAR. NAVIWALA** ) **FILE NO.:_____** | |
| **A MINOR CHILD, BY HER NEXT** ) | |
| **FRIEND KASHIF NAVIWALA AND** ) | |
| **HALIMA RAUF,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **TACO BELL OF AMERICA, L.L.C.,** ) | |
| **D/B/A TACO BELL #002425,** ) | |
| **YUM! BRANDS, INC.,** ) **JURY TRIAL DEMAND** | |
| **YUM RESTAURANT SERVICES** ) **REQUESTED** | |
| **GROUP, L.L.C., TACO BELL CORP.,** ) | |
| **and TACO BELL EMPLOYEE # 1** ) | |
| **A.K.A JANE DOE,** ) | |
| **Defendants.** ) | |

_____

**PLAINTIFFS' ORIGINAL PETITION AND APPLICATION FOR**

**TEMPORARY RESTRAINING ORDER TO PRESERVE EVIDENCE AND**

**FOR EXPEDITED DISCOVERY**

1

COMES NOW, Kashif Naviwala, Halima Rauf, M. Naviwala, Mas. Naviwala and Mar. Naviwala (hereinafter referred to as "Plaintiffs") in the above styled action by and through their attorney of record Sara Eslami, and files this their Petition and Application for Temporary Restraining Order to Preserve Evidence and For Expedited Discovery against Defendants Taco Bell of America, L.L.C., D/B/A Taco Bell # 002425 (hereinafter referred to as "Taco Bell Store"), Yum! Brands, Inc. (hereinafter referred to as "Yum"),  Yum Restaurant Services (hereinafter referred to as "Yum Services"), Taco Bell Corp. (hereinafter referred to as "TBC"), and Taco Bell Employee # 1 A.K.A. "Jane Doe", (hereinafter referred to as "Defendants" and collectively as "Taco Bell") and show the Court the following:

## I.    PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Kashif Naviwala, is an individual and resident of Gwinnett County, Georgia and is a United States Citizen.

2.    Plaintiff, Halima Rauf, is an individual and resident of Gwinnett County, Georgia, and is a United States Citizen.

3.    Plaintiffs, Kashif Naviwala and Halima Rauf, as the biological father and mother and Next Friend of M. Naviwala, Minor, is an individual that resides in Gwinnett County, Georgia, M. Naviwala, is a United States citizen and is the minor

biological child of Mr. Kashif Naviwala and Halima Rauf. Plaintiffs request the Court to permit M. Naviwala to continue using pseudonyms in all pleadings and public proceedings in this matter to protect their identity as minors. Defendants will not be prejudiced by allowing M. Naviwala to continue pursuing this case pseudonymously. The last three digits of Mr. Kashif Naviwala's social security number is 826. The last three digits of Mrs. Halima Rauf's social security number is 761. The last three digits of Mr. Kashif Naviwala Identification Card number is 586. The last three digits of Mrs. Halima Rauf's Identification Card number is 847.

4.      Plaintiffs, Kashif Naviwala and Halima Rauf, as the biological father and mother and Next Friend of Mas. Naviwala, Minor, is an individual that resides in Gwinnett County, Georgia, Mas. Naviwala is a United States citizen and is the minor biological child of Mr. Kashif Naviwala and Halima Rauf. Plaintiffs request the Court to permit Mas. Naviwala to continue using pseudonyms in all pleadings and public proceedings in this matter to protect their identity as minors. Defendants will not be prejudiced by allowing Mas. Naviwala to continue pursuing this case pseudonymously.  The last three digits of Mr. Kashif Naviwala's social security number is 826. The last three digits of Mrs. Halima Rauf's social security number is 761. The last three digits of Mr. Kashif Naviwala Identification Card number is 586. The last three digits of Mrs Halima Rauf's Identification Card number is 847

3

5.      Plaintiffs, Kashif Naviwala and Halima Rauf, as the biological father and

mother and Next Friend of Mar. Naviwala, Minor, is an individual that resides in

Atlanta, Gwinnett County, Georgia, Mar. Naviwala is a United States citizen and is

the minor biological child of Mr. Kashif Naviwala and Halima Rauf. Plaintiffs

request the Court to permit Mar. Naviwala to continue using pseudonyms in all

pleadings and public proceedings in this matter to protect their identity as minors.

Defendants will not be prejudiced by allowing Mar. Naviwala to continue pursuing

this case pseudonymously.  The last three digits of Mr. Kashif Naviwala's social

security number is 826. The last three digits of Mrs. Halima Rauf's social security

number is 761. The last three digits of Mr. Kashif Naviwala Identification Card

number is 586. The last three digits of Mrs Halima Rauf's Identification Card

number is 847.

6.      Defendant Taco Bell Of America, L.L.C., D/B/A Taco Bell #002425 is a

foreign limited liability company formed with the Georgia Secretary of State who

is subject to the jurisdiction of this court and may be served with process via their

Registered Agent, CT Corporation System, whose office is located at 289 South

Culver Street, Lawrenceville, Georgia, 30046-4805.

7.      Defendant Taco Bell Corp. is a foreign profit corporation formed with the

Georgia Secretary of State who is subject to the jurisdiction of this court and may

be served with process via their Registered Agent, CT Corporation System whose office is located at 289 South Culver Street, Lawrenceville, GA, 30046-4805.

8.      Defendant, Yum! Brands, Inc. is foreign corporation conducting business in the State of Georgia with its Principal Office being located at 1441 Gardiner Lane Louisville, Kentucky 40213 who is subject to the jurisdiction of this court and may be served with process via their Registered Agent, CT Corporation System, at: 306 W. Main Street, Suite 512, Frankfort Kentucky, 40601.

9.      Defendant, Yum Restaurant Services Group,  L.L.C. is foreign corporation conducting business in the State of Georgia with its Principal Office being located at 1441 Gardiner Lane, Louisville, KY, 40213 who is subject to the jurisdiction of this court and may be served with process via their Registered Agent, CT Corporation System, whose office is located at 289 South Culver Street, Lawrenceville, GA, 30046-4805.

10.      Defendant, Taco Bell Employee #1 A.K.A. Jane Doe's, contact information and address have not yet been obtained. Jane Doe's address and contact information will be obtained through Discovery.

11.      This court has subject matter jurisdiction and venue is proper in the United States District Court, Northern District of Georgia, Atlanta Division.

## II.  <u>FACTUAL SUMMARY OF THE PETITION</u>

12.    On or about August 29, 2022, is a date that forever changed the lives of Plaintiffs and their minor children, all Pakistani-American individuals. Plaintiffs, as any family should, believed they were safe when they went to the Taco Bell fast food restaurant located at 2121 Pleasant Hill Road, Duluth, Georgia, 30096.

13.    Plaintiffs went through the drive thru lane at the Taco Bell store to order food as Mr. Kashif Naviwala and Mrs. Halima Rauf's (Plaintiffs) children, M. Naviwala, Mas. Naviwala and Mar. Kashif Naviwala requested Taco Bell to eat.

14.    Once at the Taco Bell drive thru, Kashif Naviwala placed his order for his family.

15.    While placing his order, Plaintiff, Kashif Naviwala, gave the employees clear instructions on what he wanted in his order.

16.    Plaintiff, Kashif Naviwala, requested to be provided with twenty (20) hot sauce packets and twenty (20) fire sauce packets for his order for his family of five (5).

17.    Once Plaintiffs' orders were placed, Plaintiffs drove to the order window.

18.    While first at the order window, a Taco Bell employee with long braided hair asked for payment for Plaintiffs' order.

19.    Plaintiffs chose to pay in cash for their order.

20.     As Plaintiff was attempting to retrieve cash (which took him approximately one (1) minute or less to retrieve) from his pockets to pay for the order, the Taco Bell Employee with long braided, oddly and visibly appeared to be agitated and upset by Plaintiff's form of payment.

21.     While retrieving the cash, the Taco Bell Employee with long braided hair stared blankly at Plaintiff and then abruptly slammed the order window and walked away from the window. Mr. Kashif Naviwala remained patient.

22.     There was a Federal Law Enforcement Officer who witnessed the entire encounter.

23.     Once Plaintiffs received their order and change from the Taco Bell employee, who had long braided hair, Plaintiffs checked the contents to ensure they were correct.

24.     Upon realizing Taco Bell Employee # 1 (who also identified herself as the Manager) "A.K.A Jane Doe" did not adhere to Plaintiff's request for twenty (20) hot sauce packets and twenty (20) fire sauce packets, Plaintiff, Kashif Naviwala, then informed the Taco Bell employee (with braided long hair) of the issue and returned their bag of food to the employee to get the correct amount of sauce packets.

25.     Once the employee with long braided hair retrieved the bag containing the Plaintiffs' contents of food from Plaintiff, Kashif Naviwala, the employee with

long braided hair then informed Taco Bell Employee # 1 "A.K.A Jane Doe" of

Plaintiffs' requests.

26.    The Naviwala family then asked and informed the Manager, who is

defendant Taco Bell Employee # 1 A.K.A. Jane Doe, of the correction that needed

to be made.

27.    Taco Bell Employee # 1 A.K.A "Jane Doe" then came to the order window

and harshly asked Plaintiffs what they needed.

28.    After being informed of the error and issue with the sauce packets, the Taco

Bell Employee # 1 A.K.A "Jane Doe" then became, oddly, enraged and combative.

29.    Due to Jane Doe's rage solely due to Plaintiff's simple request and Taco Bell

Jane Doe's' incapability to complete said requests, Jane Doe then unreasonably,

intentionally, and forcefully threw Plaintiff's bag of food at Plaintiffs through the

order window.

30.    This bag of food hit Plaintiff Kashif Naviwala and Mrs. Halima Rauf in the

face.

31.    Jane Doe also threw a cup full of a liquid at the Plaintiffs.

32.    This liquid that was thrown at the Plaintiffs also contained sharp ice.

33.    After the substance was thrown at Plaintiffs, the sharp ice hit Mr. Kashif

Naviwala and Mrs. Halima Rauf in the face, eyes, and nose thereby harming them

with cuts and bruises.

34.     The substance also splashed on and within the Plaintiff's vehicle and on their personal belongings.

35.     The substance thrown left a very sticky substance and stained the Plaintiffs' vehicle as well as their personal belongings causing damage to said property.

36.     Additionally, Taco Bell Employee # 1 A.K.A "Jane Doe" made verbal threats of assault to Plaintiffs.

37.     These verbal threats included fighting words of "We can go outside", adding insult to injury.

38.     Due to the very unfortunate, unnecessary and traumatic experience, the Plaintiffs have been harmed physically.

39.     Due to the very unfortunate, unnecessary and traumatic experience, the Plaintiffs have been harmed emotionally, mentally and psychologically.

40.     As a result of this incident, all Plaintiffs (three of whom are young and impressionable children) were left with Post Traumatic Stress Disorder (PTSD), still suffer from that to this day, and they will be left forever scarred from this incident. All of this could have been prevented had Taco Bell not negligently hired Jane Doe, and it properly trained and supervised Jane Doe.

### III. DISCOVERY

41.     Pursuant to the Georgia Code of Civil Procedure, Title 9. Civil Practice §

9-11-26, Plaintiffs request to conduct discovery in accordance with Torts, Personal

Injury, Four Month Discovery track.

### IV. CLAIM FOR MONETARY RELIEF

42.     Pursuant to the Federal Rule of Civil Procedure 8 and O.C.G.A.§ 9-11-8,

Plaintiffs seek well in excess of $3,000,000.00 in actual damages with the final

amount to be decided by the jury based on what the jury determines is fair and

reasonable. Plaintiffs reserve the right to amend this statement.

### V. PLAINTIFFS' CAUSES OF ACTION

### AGAINST DEFENDANTS

**A. COUNT ONE**

**CAUSE OF ACTION FOR PHYSICAL INJURY; INTENTION CONSIDERED IN**

**ASSESSING DAMAGES**

43.     The allegations set forth in Paragraphs 1 (one) through forty two (42) above

are incorporated herein by reference as if written in full.

44.     During the aforementioned incident, Defendant threw a substance and bag of

food at Plaintiffs.

45.     Defendant's intention by throwing this substance and bag of food was to cause physical harm and injury to Plaintiffs.

46.      As a result of Defendant throwing this substance and heavy/full bag of food, Plaintiffs received physical injury.

47.     Defendant is the sole proximate cause of this injury.

48.     Due to the aforesaid acts, Defendant is liable under § 51-1-13  Cause of action for physical injury; intention considered in assessing damage.

**B. COUNT TWO**

**RECOVERY FOR TORTS TO SELF, WIFE, CHILD, WARD, OR SERVANT**

49.     The allegations set forth in Paragraphs 1 (one) through forty eight (48) above are incorporated herein by reference as if written in full.

50.     Defendant committed a Tort when she intentionally threw a liquid substance and bag of food at Plaintiffs in order to cause harm and/or offensive contact.

51.     The tort that was committed by Defendant was that of Battery.

52.     Under Georgia law, an individual has a cause of action for battery when a tortfeasor causes any unlawful offensive touching to that individual. *Lawson v. Bloodsworth*, 722 S.E.2d 358, 359 (Ga. App. 2012) ("A cause of action for battery will lie for any unlawful touching, that is, a touching of the plaintiff's person, even if minimal, which is offensive"). Offensive touching is one which stems from "anger, rudeness, or lust". *Id* at 359. The test for determining whether a battery is

11

offensive is whether the touching "would be offensive to an ordinary person not unduly sensitive as to his dignity". *Id* at 359-360.

53.     Due to Defendant intentionally committing this Battery against Plaintiffs and as they are family members (more specifically, Husband, Wife and their children), Defendant is liable under § 51-1-9 - Recovery for torts to self, wife, child, ward, or servant.

**C. COUNT THREE**

**ORDINARY DILIGENCE AND ORDINARY NEGLIGENCE DEFINED.**

54.     The allegations set forth in Paragraphs 1 (one) through fifty three (53) above are incorporated herein by reference as if written in full.

55.     As a result of Plaintiff choosing to pay cash for his order, Defendant was negligent in their response to this method of payment.

56. Jane Doe had a duty to exercise ordinary care and act as

a reasonably prudent person would as an employee of Defendants.

57. Defendant Jane Doe was negligent in causing substance and sharp ice to be

violently thrown onto Plaintiffs causing injuries.

58. Defendant Jane Doe breached the duty of ordinary care in failing to

protect and/or consider the well-being of Plaintiffs who were Defendants'

customers.

59. Defendant Jane Doe did not act prudently in throwing the liquid by endangering the safety and well-being of Plaintiffs who were Defendants' customers.

60. Plaintiffs were invitees on the property in question. The property is owned, controlled, and/or managed collectively by the Taco Bell Defendants.

61. Defendant Jane Doe's actions were done with reckless and careless disregard for the safety and well-being of Plaintiffs.

62. Defendant Jane Doe owed a duty to Plaintiffs, including but not limited to the following: (and, but for various acts and omissions, breached these duties, each of which singularly or in combination, was proximate cause of the occurrence in question and Plaintiffs' injuries):

a. Failing to create, enforce, and/or follow proper safety protocols, policies, and procedures including following de-escalation techniques;

b. Failing to protect customers from foreseeable and unreasonable risk of harm;

c. Failing to act as reasonably prudent person in throwing food and liquid with sharp pieces of ice that in reasonable probability would foreseeably cause injuries to Plaintiffs;

d. Failing to warn Plaintiffs of the dangerous conditions;

e. Failing to ensure that employees, staff, and contractors were properly trained, qualified, and/or certified;

f. Failing to follow state laws and regulations; and

g. Other negligent acts and omissions to be identified as discovery is

conducted.

63. Defendants knew or should have known that the acts or omissions would likely

result in danger and injury.

64.     As a result of Plaintiffs requesting the additional sauce packets they

originally ordered, Defendant was negligent in their response to this request for

additional sauce packets.

65.     An ordinarily prudent individual in this situation would have not responded

by throwing a substance, throwing a bag of food and/or making verbal threats

towards Plaintiffs.

66.     Due to the response to Plaintiffs by Defendant, Defendant is liable under

O.C.G.A. § 51-1-9 Ordinary diligence and ordinary negligence defined.

## D. COUNT FOUR

## WHEN AGENCY RELATIONSHIP ARISES

67.     The allegations set forth in Paragraphs 1 (one) through sixty six (66) above

are incorporated herein by reference as if written in full.

68.     At all times material to this incident, Defendant was working under the

scope of Taco Bell's authority.

69.     At the time of the incident, Defendant was on duty as a Taco Bell employee at a Taco Bell establishment.

70.     As a Taco Bell employee and working under the scope of Taco Bell, Defendant is liable for the actions of it's employee pursuant to O.C.G.A. § 10-6-1 When Agency Relationship Arises.


**E. COUNT FIVE**

**DILIGENCE REQUIRED OF AGENT**


71.     The allegations set forth in Paragraphs 1 (one) through seventy (70) above are incorporated herein by reference as if written in full.

72.     Defendant at the time of this incident was a Taco Bell employee.

73.     As an employee of Taco Bell, the employee was an agent for hire and is thereby bound by the business of her principal, to exercise that ordinary care, skill, and diligence required of a bailee for hire.

74.     Due to the negligent and harmful acts committed by their employee, Defendant is liable under O.C.G.A. § 10-6-22 Diligence Required Of Agent.

**F. COUNT SIX**

**WHEN PRINCIPAL BOUND BY AGENT'S REPRESENTATIONS OR CONCEALMENT**

75.     The allegations set forth in Paragraphs 1 (one) through seventy four (74) above are incorporated herein by reference as if written in full.

76.     At all times surrounding this incident, Defendants' employee, who is an agent for Defendant made representations to Plaintiffs.

77.     These representations were in a hostile and threatening manner and displayed an extreme lack of care of the part of Defendant regarding providing quality customer service.

78.     The representations made were enacted by throwing a substance on Plaintiffs, throwing a bag of food at Plaintiffs and verbal threats made towards Plaintiffs all in regards to a simple and reasonable request made by Plaintiffs to Defendant.

79.     Pursuant to O.C.G.A. § 10-6-56 When Principal Bound By Agent's Representations Or Concealment, Defendant is liable and bound by its employees representations made during this incident.

**G. COUNT SEVEN**

**VICARIOUSLY LIABILITY, PRINCIPAL BOUND FOR NEGLECT AND FRAUD OF AGENT/RESPONDEAT SUPERIOR, JOINT VENTURE, JOINT ENTERPRISE**

80.    The allegations set forth in Paragraphs 1 (one) through seventy nine (79) above are incorporated herein by reference as if written in full.

81.    At all times material to this lawsuit, including at the time of the incident, Defendants' employee, Jane Doe was acting on behalf of Defendants and was an agent for Defendants.

82. At the time of the incident and at all relevant and material times, Defendant Jane Doe was acting in the course and scope of her employment on behalf of Taco Bell.

83. Defendant Jane Doe was acting in her capacity as an employee, statutory employee, borrowed servant, agent, joint venturer, joint enterpriser and/or in partnership with the Taco Bell Defendants. Further, upon information and belief, the Taco Bell Defendants exercised control and/or had the right to exercise control over Jane Doe's actions, training, cleaning policies, safety policies and procedures, dispute resolution and de-escalation policies, procedures, and training, and customer service for operating Taco Bell store. The Taco Bell Defendants

monitored and/or had the ability to monitor Jane Doe's actions, training, and policies and procedures that would have prevented the injuries to Plaintiffs.

84.     Defendants' employee was negligent in her work duties regarding adhering to the customers requests and displaying quality customer service to Plaintiffs.

85.     These negligent acts include but are not limited to throwing a bag of food at Plaintiffs, throwing a substance at Plaintiffs and making verbal fighting threats towards Plaintiffs.

86.     Under Georgia law, an employer of an establishment where an employee works can be held vicariously liable for the intentional torts of its employees or agents under the theory of respondeat superior. *Ellison v. Burger King Corp.,* 670 S.E.2d 469 (Ga. App. 2008). To hold an employer vicariously liable, the employee must have been acting within the scope of his or her employment at the time of the tort. *Id* at 474. In *Ellison*, a Burger King manager was held to be acting within the scope of his employment when he responded to a customer complaint in a violent manner by putting the customer in a headlock. *Id* at 474.

87.     As outlined in  O.C.G.A. § 10-6-60 Principal Bound For Neglect And Fraud Of Agent, Defendant is bound by its agent's neglect in this incident under the above reference code section.

## H. COUNT EIGHT

## NEGLIGENT HIRING, TRAINING, RETENTION, SUPERVISION AND FAILURE TO CONTROL DEFENDANT

88. The allegations set forth in Paragraphs 1 (one) through eighty seven (87) above are incorporated herein by reference as if written in full.

89. The Taco Bell Defendants owed duty and/or voluntarily assumed the duty to their customers and invitees, including Plaintiffs, to hire safe, competent employees, to implement and enforce safety policies and procedures, to train, instruct, monitor, and supervise its employees, and to take actions to control their employees to prevent injuries to their customers. The Taco Bell Defendants' negligent acts and/or omissions in this regard include but are not limited to the following:

a. Failing to train and instruct its employees in proper customer service techniques, policies, and procedures;

b. Failing to train and instruct its employees in proper safety and dispute resolution and de—escalation techniques, policies, and procedures;

c. Failing to prohibit their employees from using and transporting food and liquids, in a violent nature, around and on their customers;

d. Permitting, encouraging, and approving unsafe customer service practices;

e. Failing to ensure that the employees on the premises had the requisite knowledge, training, and skill to adequately and safely serve customers and invitees on the premises;

f. Failing to ensure that the employees on the premises had the requisite knowledge, training, and skill to recognize unsafe operations and/or cease operations due to safety concerns;

g. Failing to ensure that the employees on the premises had the requisite knowledge, training, and skill to recognize when their actions, and conduct endangered the lives of their customers and invitees and eliminate any dangerous activities on the premises;

h. Failing to exercise reasonable care in offering and conducting the training voluntarily assumed by Defendants to be offered to the Taco Bell Store by failing to provide sufficient training on dispute resolution, customer service, and safety protocols;

i. Negligent and reckless hiring, qualification, and retention of an unfit, unsafe employee, namely Defendant Jane Doe; and

j. Other negligent acts and omissions to be identified as discovery is conducted.

90. The acts and omissions described above, singularly or in any combination, amount to negligence and/or negligence per se, and were proximate cause of the

incident involving Plaintiffs made the basis of this suit and for their injuries and damages.

## I. COUNT NINE

## RACIAL DISCRIMINATION UNDER THE FEDERAL CIVIL RIGHTS ACT OF 1964.

Jane Doe and Taco Bell, by and through respondeat superior, who acts as a private business serves the public, acted in hate and ignorance when it violated the Federal Civil Rights Act of 1964 in racially discriminating against Plaintiffs due to their national origin of being Pakistani and their religious faith being that of the Muslim faith when Jane Doe assaulted and battered the Naviwala family.

## J.   COUNT TEN

## PUNITIVE DAMAGES

91.     Plaintiffs hereby reincorporate paragraphs one (1) through ninety (90) as if restated in their entirety.

92.     Pursuant to O.C.G.A § 51-12-5.1, Plaintiffs are entitled to punitive damages as it will be proven by clear and convincing evidence that the defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to

consequences.

93.     Plaintiffs are entitled to a judgment for punitive damages against the

Defendants in the amount of three million dollars dollars ($3,000,000.00)

pursuant to O.C.G.A. § 51-12-5.1(f), due to the fact that the at Defendants

engaged in Battery and acted with a "specific intent to cause harm …there shall

be no limitation regarding the amount which may be awarded as punitive

damages against an active tort-feasor".

## K. COUNT ELEVEN

## DIRECT AND CONSEQUENTIAL DAMAGES

94.     Plaintiffs hereby reincorporate paragraphs one (1) through ninety three (93)

as if restated in their entirety.

95.     As a direct result of the Defendants' tortious acts, Plaintiffs received

damages immediately following this incident.

96.     Pursuant to O.C.G.A. §51-12-3 Direct and Consequential Damages

Distinguished.

## L. COUNT TWELVE

## DAMAGES GIVEN AS COMPENSATION FOR INJURY; MEASURE OF DAMAGES GENERALLY; NOMINAL DAMAGES

97.    Plaintiffs hereby reincorporate paragraphs one (1) through ninety six (96) as if restated in their entirety.

98.    As a result of Defendants aforementioned tortious acts, Plaintiffs received injuries.

99.    Pursuant to O.G.G.A. § 51-12-4, Defendants are liable for Plaintiffs' injuries.

## M. COUNT THIRTEEN

## GENERAL AND SPECIAL DAMAGES DISTINGUISHED; WHEN RECOVERED

100.   Plaintiffs hereby reincorporate paragraphs one (1) through ninety nine (99) as if restated in their entirety.

101.   The Defendants committed tortious acts against the Plaintiffs.

102.   The damages flow directly from the tortious acts committed by Defendants.

103.   Defendants are liable for General Damages to Plaintiffs pursuant to O.C.G.A. § 51-12-2 General and Special Damages Distinguished; When Recovered.

104. As proximate result of Defendants' negligence, and other wrongful conduct as set forth above, Plaintiffs request that the jury determine the sum of money for each element of damages that will fairly and reasonably compensate them for their harms and losses suffered in the past and those which will, in reasonable probability, be suffered in the future as result of the injuries incurred by Plaintiffs. These damages, those incurred up to the time of trial, and those to be incurred beyond the time of trial—include but are not limited to:

   a.  Past and future medical expenses reasonable and necessary to treat Plaintiffs' injuries;

   b.  Past pain and suffering;

   c.  Future pain and suffering;

   d.  Physical impairment;

   e.  Mental anguish sustained in the past;

   f.  Mental anguish that, in reasonable probability, will be sustained in the future;

   g.  Prejudgment interest;

24

h.  Postjudgment interest;

i.  Court Costs;

j.  Exemplary damages; and

k.  Such other and further relief, both at law and in equity, to which Plaintiff is

justly entitled.

## N. <u>COUNT FOURTEEN</u>

## <u>ATTORNEY'S FEES AND EXPENSES OF LITIGATION</u>

105.  Plaintiffs hereby reincorporate paragraphs one (1) through one hundred four

(104) as if restated in their entirety.

106.  The Defendants have acted in bad faith.

107.  The Defendants have caused Plaintiff unnecessary trouble and expense.

108.  Plaintiff is therefore entitled to recover all attorney's fees and expenses of

litigation, pursuant to O.C.G.A. §13-6-11, incurred in pursuing this action.

## <u>VI. RULE 26 NOTICE</u>

Pursuant to Federal Rule of Civil Procedure Rule 26, Plaintiffs reserve the right to

utilize any documents produced during the course of discovery in this case as

evidence at the time of trial.

## <u>VII. APPLICATION FOR TEMPORARY RESTRAINING ORDER TO</u>

## PRESERVE EVIDENCE

109.   Based on reasonable information and belief, Plaintiffs assert that Defendants (either individually or acting in concert) may change, alter, destroy, or modify the evidence related to these egregious acts. Pursuant to the Northern District of Georgia Local Rule of Civil Procedure 65, Plaintiffs ask the Court to preserve the status quo and issue temporary restraining order prohibiting Defendants from altering, moving, modifying, reconfiguring, destroying, replacing, or disposing of the subject premises, all of the Video footage from the premises from August 28, 2022, through the date of this Petition, electronically stored information, documents, permits, licenses, vehicles, surveillance footage and images, and all equipment involved in the incident in question until Plaintiffs are given an opportunity to inspect and acquire such evidence.

110.    This evidence constitutes tangible, relevant, and material evidence to the incident that caused Plaintiffs' injuries. In particular, Plaintiffs are aware that Defendants have video footage of the premises and incident which is likely to be destroyed should this order not be issued. Plaintiffs understand that Defendants have well over dozen cameras inside and outside of the premises that would have footage of the incident. To allow Plaintiffs sufficient time to properly investigate and pursue and support their claims and see that justice is done, this Court should restrain Defendants, their agents, servants, employees, contractors, contract

employees, attorneys, affiliates, and those acting in concert with or in representation of said Defendants from changing, altering, destroying, or modifying any evidence relating to the injuries or incident.

111.   If Defendants are permitted to change, alter, destroy, or modify any evidence related to this incident, Plaintiffs will lose the opportunity to inspect the evidence and will be unable to prosecute their claims. As a result, Plaintiffs will be deprived of adequate remedies at law. Defendants are incapable of responding in money damages if the evidence is not preserved as the evidence is unique.

112.   Plaintiffs seek an order preserving:

    a.   Any and all photos and Video and audio surveillance footage from the Taco Bell located at 2121 Pleasant Hill Road, Duluth, Georgia, 30096, from before, during, and after the incident from the time period of August 28, 2022, until the filing of the Petition;

    b.   Any and all documents and communications that in any way relate to the incident on or around August 28, 2022;

    c.   The entire employee files of the employees/ agents working on or around August 28 2022, at the time of the incident, including but not limited to, Defendants' agents and employees working at the Taco Bell located at 2121 Pleasant Hill Road, Duluth, Georgia, 30096;

    d.   Any and all incident reports, statements, and all other records related

to the incident;

e.  Any and all post-incident records and statements regarding the
employees involved in the incident;

f.  Any and all communications and documents pertaining to the
investigation of the subject incident;

g.  Any and all texts, voice messages, or any data or communications
transferred to and from any employee regarding this incident via any
type of communication device regarding the incident.

113.   This evidence is highly relevant and reasonably necessary to determine the
cause of the incident, the loss of which would irreparably harm Plaintiffs.
Defendants will not suffer any prejudice from this order as they should already be
preserving this information as a matter of law.

114.   This Temporary Restraining Order must be issued ex parte as there is not
enough time to serve notice on Defendants and to hold hearing on this application
as that would provide Defendants time to destroy the evidence prior
to the hearing. This evidence is highly relevant making its preservation time
sensitive and waiting on hearing would likely lead to irreparable injury.

115.   ***Request for Expedited Discovery.*** Contemporaneous with this Complaint,
Plaintiffs request expedited discovery to allow Plaintiffs to gather material
evidence subject to the temporary restraining order to support and prepare for the

temporary injunction hearing. This expedited discovery will materially advance the temporary injunction hearing while promoting the interests of justice to preserve the evidence that is likely to be destroyed without the appropriate protections. Thus, Plaintiffs ask the Court to order Defendants to produce within five (5) days of the entering of the Temporary Restraining Order all photographs and video surveillance footage from the Premises from August 28, 2022, through August 29, 2022.

116.   For these reasons, Plaintiffs asks that Defendants be cited to appear, and that Plaintiffs be awarded judgment against Defendants for the following:

    a. Temporary Restraining Order,

    b. Temporary Injunction;

    c. Expedited discovery; and

    d. All other relief to which Plaintiffs are entitled.

117.   Plaintiffs respectfully request that the Court issue notice of the Temporary Restraining Order and Temporary Injunction to all Defendants and set the hearing on Plaintiffs' Application for Temporary Injunction for a date within twenty one (21) days of the Court's Order entering of its' Temporary Restraining Order and Temporary Injunction. Plaintiffs are willing to post bond.

Plaintiff reserves the right to further amend this Complaint for Damages as necessary.

WHEREFORE, Plaintiffs pray as follows;

(1) The right to amend this Petition and Application for Temporary Restraining Order to Preserve Evidence and For Expedited Discovery, as necessary;

(2) That Plaintiffs be granted relief under Count I, in an amount to be decided by a fair and impartial jury via a jury trial; and

(3) That Plaintiffs be granted relief under Count II, in an amount to be decided by a fair and impartial jury via a jury trial; and

(4) That Plaintiffs be granted relief under Count III, in an amount to be decided by a fair and impartial jury via a jury trial; and

(5) That Plaintiffs be granted relief under Count IV, in an amount to be decided by a fair and impartial jury via a jury trial; and

(6) That Plaintiffs be granted relief under Count V, in an amount to be decided by a fair and impartial jury via a jury trial; and

(7) That Plaintiffs be granted relief under Count VI, in an amount to be decided by a fair and impartial jury via a jury trial; and

(8) That Plaintiffs be granted relief under Count VII, in an amount to be decided by a fair and impartial jury via a jury trial; and

(9) That Plaintiffs be granted relief under Count VIII, in an amount to be decided by a fair and impartial jury via a jury trial and/or in the amount of three million dollars ($3,000,000.00); and/or

(10) That Plaintiffs be granted relief under Count IX, in an amount to be decided by a fair and impartial jury via a jury trial and/or in the amount of three million dollars ($3,000,000.00); and/or

(11) That Plaintiffs be granted relief under Count X, in an amount to be decided by a fair and impartial jury via a jury trial and/or in the amount of three million dollars ($3,000,000.00); and/or

(12) That Plaintiffs be granted relief under Count XI, in an amount to be decided by a fair and impartial jury via a jury trial and/or in the amount of three million dollars ($3,000,000.00); and/or

(13) That Plaintiffs be granted relief under Count XII, in an amount to be decided by a fair and impartial jury via a jury trial; and,

(14) That Plaintiffs be granted relief under Count XIII, in an amount to be decided by a fair and impartial jury via a jury trial; and,

(15) That Plaintiffs be granted relief under Count XIV, in an amount to be decided by a fair and impartial jury via a jury trial; and,

(16) For such other and further relief as this Court deems just and proper.

## **JURY TRIAL**

A JURY TRIAL IS DEMANDED.

## **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information; and (5) the complaint otherwise complies with the requirements of Rule 11.


This 15th day of July, 2024.




/s/Sara Eslami
Sara Eslami
*Attorney for Plaintiffs*
State Bar No. 407541

3461 Lawrenceville-Suwanee Rd Suite D,

Suwanee, Georgia, 30024
Phone: (678) 758-4476
Fax:    (770) 202-6881
Email: s.eslamilaw@gmail.com

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in

Times New Roman (14 point) font, as required by the courts in Local Rule 5.1.

By: /s/Sara Eslami
Sara Eslami
*Attorney for Plaintiffs*
State Bar No. 407541

3461 Lawrenceville-Suwanee Rd Suite D,
Suwanee, Georgia, 30024
Phone: (678) 758-4476
Fax:    (770) 202-6881
Email: s.eslamilaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2024, I electronically filed the Plaintiffs'
Original Petition And Application For Temporary Restraining Order To Preserve
Evidence And For Expedited Discovery, Entry Of Appearance, Civil Cover Sheet,
Certificate Of Interested Persons And Corporate Disclosure Statement And
Summons with the Clerk of the Court using the CM/ECF system.

I hereby certify that I have mailed by United States Postal Service the
Original Petition And Application For Temporary Restraining Order To Preserve
Evidence And For Expedited Discovery, Entry Of Appearance, Civil Cover Sheet,
Certificate Of Interested Persons And Corporate Disclosure Statement And
Summons to the following non-CM/ECF participants:

Taco Bell Of America, L.L.C., D/B/A Taco Bell #002425
via CT Corporation System  (Registered Agent)
289 South Culver Street, Lawrenceville, Georgia, 30046-4805
Principal Office Address: 1 Glen Bell Way, Irvine, California, 92618

Taco Bell Corp. via CT Corporation System (Registered Agent)
289 South Culver Street, Lawrenceville, GA, 30046-4805
Principal Office Address: 1 Glen Bell Way, Irvine, California, 92618

Yum! Brands, Inc. via CT Corporation System (Registered Agent)
306 W. Main Street, Suite 512, Frankfort Kentucky, 40601
Principal Office Address: 1441 Gardiner Lane, Louisville, Kentucky 40213

Yum Restaurant Services Group,  L.L.C. via CT Corporation System (Registered Agent)
289 South Culver Street, Lawrenceville, GA, 30046-4805

Principal Office Address: 1441 Gardiner Lane, Louisville, KY, 40213

Taco Bell Employee #1 A.K.A. Jane Doe
289 South Culver Street, Lawrenceville, Georgia, 30046-4805 (Jane Doe's
personal address will be obtained through Discovery and updated accordingly)
Principal Office Address: 1 Glen Bell Way, Irvine, Ca, 92618


By:/s/Sara Eslami
Sara Eslami
*Attorney for Plaintiffs*
State Bar No. 407541


3461 Lawrenceville-Suwanee Rd Suite D,
Suwanee, Georgia, 30024
Phone: (678) 758-4476
Fax:    (770) 202-6881
Email: s.eslamilaw@gmail.com